

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Burtt Potter
County Attorney
Sinton, Texas

Dear Sir:

Opinion No. O-3609
Re: Validity of agreement
between Sinton and San
Patricio County Conser-
vation and Reclamation
District No. 1 for co-
operative flood control.

In your letter of August 11, 1941, you submit
the following for our opinion:

"San Patricio County Conservation &
Reclamation District No. 1 is a political
subdivision of the county and State, created
under general law. This district created
and maintains a series of ditches near the
city of Sinton, none within the city. H.B.
181 Acts 1939 Leg. authorizes flood control
for the city, and the city proposes certain
drains or ditches to relieve the flood
condition of the city. The city engineer de-
sires to lead the city new ditches into a
lateral ditch of the above conservation and
reclamation district, and at the cost of the
city out of the flood control funds. The
city will obtain the right-of-ways parallel
and adjoining the said district ditch, and
widen the districts present ditch. The city
agrees to defray the expenses necessary in
the construction and also agrees to maintain
their pro rata portion of the proposed project
from year to year.

"In other words the plan would be if the
city's new ditch throws 70% of the water into
the joint ditch, then they to bear 70% of all

and any damages that might arise and such
portion of cost of maintenance of such ditch
jointly used.

1. Can the city and Drainage District enter
into such contract.

2. Under H. B. 181 is there any provision
for the proposed pro-rata maintenance funds upon
which the District may rely.

3. Can two independent political sub-
divisions of the State enter into a joint pro-
ject and bear costs on a pro rata basis.

4. Must each political subdivision stand
and operate separately."

House Bill 181, 46th Legislature, granted to
the City of Sinton three-ninths of the net amount of the
State ad valorem taxes collected in San Patricio County
for a period of twenty years. Sec. 6 of said H. B. 181
provides in part:

"The moneys herein and hereby granted and
donated to the City of Sinton are declared to
be trust funds for the purpose of aiding the
City of Sinton in paying the interest upon and
principal of, and providing sinking fund for
payment thereof, bonds heretofore or hereafter
issued, the proceeds of which bonds were to be
or are to be used exclusively in constructing
sanitary and storm systems by drainage levee
and canal construction, including ditches,
breakwaters, bridge structures and other pro-
tections in, along, or draining into Chiltipin
Creek, and to build bridges and passages across
same and any other necessary drainage systems
and protections in order that said City may be
removed from calamitous overflows and the
dangerous unsanitary condition resulting from
such overflows and for the purpose of aiding
the City of Sinton in paying the interest upon
any principal of, and providing sinking fund

for payment thereof of bonds heretofore or hereafter
issued to refund any bonds as have been or are so
issued. . ."

We will consider your third question first. While
such question is a general one, we presume that when you say
"two independent political subdivisions" you mean the City
of Sinton and the San Patricio County Conservation & Reclamation
District, and that the "joint project" mentioned by you is the
one proposed by these two particular political bodies.

If the proposed system of ditches would tend to ac-
complish any of the purposes set out in Sec. 6 of House Bill
181, then the proceeds of any bonds mentioned in said Section
6 may be used on the project, notwithstanding it may be a
joint one contributed to by the Conservation & Reclamation
District. Likewise, if the ditch is serving the proper pur-
poses of the District, that subdivision may contribute to its
maintenance. For, in such instance, neither entity would be
expending its money for an unauthorized purpose. The pooling
their resources and the building of a cooperative system
might well effect a saving for both the City and the District,
with obvious beneficial results to the taxpayers contributing
from each angle. There is nothing which prohibits two govern-
mental bodies from making a common cause and jointly entering
into a project when it is in furtherance of the purposes of
both. Hughes v. County Commissioners' Court of Harris County,
35 S. W. (2) 818 (city and county contributing jointly to the
building of a road); Malone v. Peay, 17 S. W. (2) 902, Tenn.,
and State v. Oliver, 35 S. W. (2) 396, Tenn. (State acquiring
land and delivering same to Federal Government for establish-
ment of park thereon).

We find nothing in House Bill 181 to suggest that
expenditures of money therein provided for the use of the City
of Sinton must be confined to areas within its corporate limits.

Assuming that the proposed improvement would be
within the purposes mentioned in the quoted part of Sec. 6,
H. B. 181, the City could use funds provided in that Act in
constructing the ditches leading into those of the District.

And, thereafter the City and District could each properly bear its pro rata cost of maintenance. We believe this will constitute a sufficient answer to your third question, as well as the fourth.

Your first and second questions are so general and might be affected by so many different facts and conditions not known to us that we cannot undertake to answer them.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed) Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:BT

APPROVED OCT 9, 1941

(Signed) Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By BWB Chairman